1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA RODRIGO,<br><br>                                    Plaintiff,<br><br>v.<br><br>BARCLAYS BANK DELAWARE; and<br>THE MOORE LAW GROUP, a<br>California Professional Corporation,<br><br>                                    Defendants. | Case No.:  16cv808-JAH (JMA)<br><br>**ORDER GRANTING DEFENDANTS' RESPECTIVE MOTIONS TO DISMISS [DOC. NOS. 5, 7]** |

## **INTRODUCTION**

Pending before the Court are two motions to dismiss filed, respectively, by Defendants The Moore Law Group ("TMLG") and Barclays Bank Delaware ("Barclays"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Doc. Nos. 5, 7. Both motions have been fully briefed by the parties. See Doc. Nos. 8, 9, 10. After careful consideration of the pleadings, the relevant exhibits submitted by the parties, and for the reasons set forth below, both motions are **GRANTED**.

//
//
//
//

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## BACKGROUND[1]

The instant matter arises from Plaintiff Diana Rodrigo's ("Rodrigo" or "Plaintiff") allegation that, on April 8, 2015, Barclays, through its counsel TMLG, "unlawfully and abusively" brought a lawsuit against her to collect a time-barred debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.* (the "Rosenthal Act"). See Doc. No. 1. Specifically, Plaintiff alleges that TMLG, exclusively, violated the FDCPA, and that TMLG and Barclays, both, violated California's Rosenthal Act. Id.

It is undisputed that "[s]ome time before 2009," while living in San Diego, California, Rodrigo opened a credit card account with "Juniper Bank and/or Barclays Bank[,]"[2] and, that the last payment made by Rodrigo, before defaulting on the subject account, was received "on or about May 2, 2011[.]" See Doc. No. 1 at 4. As a result of Rodrigo's subsequent delinquencies, Barclays closed her account in January of 2012. Id.

---

[1] TMLG asks the Court to take judicial notice of four documents attached to its motion to dismiss as Exhibits 1-4. See Doc. No. 5-2. Exhibits 1-4 are (1) various dockets for Plaintiff's prior Superior Court case, Barclays Bank Deleware v. Rodrigo, Case No. 37-2015-00011631-CL-CL-NC (the "state court action"); (2) the Honorable Marilyn L. Huff's order granting Defendant's motion to dismiss with leave to amend, filed in Boon v. Professional Collection Consultants, 978 F.Supp.2d 1157 (S.D. Cal., 2013); (3) opposition to Rodrigo's first motion to vacate filed in the Superior Court Case; and (4) opposition to Rodrigo's second motion to vacate default filed in the state court action. Id. Because Plaintiff does not object to TMLG's request for judicial notice, and because Exhibits 1-4 are publicly recorded and publically accessible whose accuracy cannot be reasonably questioned, this Court deems it appropriate to take judicial notice of Exhibits 1-4. See Fed. R. Evid. 201(b); Anderson v. Holder, 673 F.3d 1089, 1094, n.1 (9th Cir. 2012); Caldwell v. Caldwell, 2006 WL 618511, *4 (N.D. Cal., 2006).

[2] Plaintiff's Complaint alleges that Juniper Bank was acquired by Defendant Barclays Bank in late 2004.

On April 8, 2015, Barclays, through its counsel TMLG, filed a collection action against Rodrigo in California Superior Court, County of San Diego. See Doc. No. 1, Exh. 1 (Barclays Bank Deleware v. Rodrigo, Case No. 37-2015-00011631-CL-CL-NC). In the state court action, Barclays sought $5,012.17, plus costs of suit, alleging Common Counts "on an open book account for money due[,]" and "because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff." See Doc. 1, Exh. 1 at 4.

On April 22, 2015, Barclays filed proof of service, indicating that Diana Rodrigo was personally served by the registered service of process agent for TMLG, on April 15, 2015, at 7:58 A.M., at 4727 Via Colorado, Oceanside, California 92056. See Doc. No. 1, Exh. 3. The proof of service form includes the following disclosures the service of process agent: (1) a physical description of the individual he served that morning; (2) his declaration that, under the penalty of perjury, all information provided is true and correct; and (3) his signature. Id.

On May 29, 2015, entry of default was entered in favor of Barclays. See Doc. No. 5-2 at 4. On July 2, 2015, Rodrigo moved to vacate entry of default. Id. Barclays opposed the motion; and, on the same day, Rodrigo's motion was "rejected" for nonpayment of the requisite appearance fee. Id.; Doc. 1-1 at 32.

On July 24, 2015, Rodrigo filed a second motion to vacate entry of default, arguing that she was never personally served with the summons and complaint, and the individual described as accepting service was, allegedly, not her. See Doc. 1, Exh. 6. Although Barclays opposed this motion, the state court granted Rodrigo's motion, and vacated entry of default without making any findings with respect to the legitimacy of proof of service. See Doc. No. 1, Exh. 7. The case was subsequently scheduled for trial on March 17, 2016; however, on March 16, 2016, Barclays voluntarily dismissed the state court action without prejudice. See Doc. No. 5-2 at 6.

On April 4, 2016, Plaintiff filed suit in this Court, alleging that Defendants Barclays and TMLG violated the FDCPA and California Rosenthal Act because (1) Defendants

3

"knowing[ly], willful[ly], and intentional[ly]" brought the April 2015 state court action despite its untimeliness under Delaware's three-year statute of limitations ("SOL"), which, according to Plaintiff, governs the SOL analysis in this case; and (2) Defendants "knowing[ly], willful[ly], and intentional[ly]" effectuated allegedly fraudulent service. See generally Doc. No. 1. Ultimately, Plaintiff seeks statutory damages and compensation for "substantial emotional distress" resulting from—

> 1) [Defendants'] time-barred law suit; 2) learning of a false proof of service filed against her and then having to file motions to vacate the improper default entered against her; and 3) having to continue her defense against the [state court] Collection Action because Defendant refused to stipulate to vacate the default and continued to pursue an action that was time barred under applicable Delaware law.

See Doc. No. 1 at 12. On May 17, 2016, Defendants filed their respective motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Doc. Nos. 5, 7. Plaintiff filed opposition to both motions. See Doc. Nos. 8 (single opposition brief responding to both motions to dismiss). TMLG and Barclays, respectively, filed replies to Plaintiff's opposition brief. See Doc. Nos. 9, 10. This Court subsequently exercised its discretion to decide the matter on the papers, without oral argument, pursuant to CivLR 7.1(d)(1). See Doc. No. 11.

# DISCUSSION

## I.   Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. See Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts

4

that, if true, "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." <u>Id</u>. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 663-64.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002); <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. <u>Ileto v. Glock, Inc.</u>, 349 F.3d 1191, 1200 (9th Cir. 2003); <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, a court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which a court takes judicial notice. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. <u>See</u> <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995).

//

//

## II.  Analysis

Both Defendants move this Court for orders dismissing the Complaint, contending, respectively, that (1) Plaintiff fails to allege, and cannot allege, that either Defendant violated the FDCPA or California's Rosenthal Act—i.e., the April, 2015 collection action was commenced within the applicable SOL (thus, no violation), and proof of service was not procured, and subsequently filed, in bad faith (thus, no violation); and (2) both defendants are immune from Rosenthal Act liability pursuant to California's litigation privilege, Cal. Civ. Code § 47(b).[3] See Doc. Nos. 5, 7.

### A.  Federal Debt Collection Practices Act

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." See 15 U.S.C. § 1692(e); see also Heintz v. Jenkins, 514 U.S. 291(1995). Indeed, Congress intended the FDCPA "'to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors.'" Pressley v. Capital Credit & Collection Service, Inc., 760 F.2d 922, 925 (9th Cir. 1985) (quoting 123 Cong. Rec. 27, 386 (daily ed. Aug 5, 1977)).

The Ninth Circuit has recognized that the FDCPA was not meant to prevent information gathering, but to curb debt collectors' improper contacts with consumer debtors. See Romaine v. Diversified Collection Services, Inc., 155 F.3d 1142, 1149 (9th Cir. 1998). Examples of improper contacts include harassing phone calls, the use of profane

---

[3] Because the Court ultimately finds that the Complaint alleges no underlying FDCPA or Rosenthal Act violation, and therefore fails to state a claim upon which relief can be granted, the Court does not address Defendants' arguments with respect to Cal. Civ. Code § 47(b).

6

or obscene language, the use or threat of violence, or publicly disclosing personal consumer information. <u>Id</u>. at 1149 n. 9.

Accordingly, to state a cognizable FDCPA claim, a "[p]laintiff must allege facts that establish . . . (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant attempting to collect debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." <u>See</u> <u>Amelina v. Mfrs. & Traders Trust Co.</u>, 2015 WL 7272224, at *5 (S.D. Cal. Nov. 17, 2015) (citation omitted); <u>see also</u> <u>Pratap v. Wells Fargo Bank, N.A.</u>, 63 F. Supp. 3d 1101, 1113 (N.D. Cal. 2014); <u>Gomez v. Wells Fargo Home Morg.</u>, 2011 WL 5834949, at *5 (N.D. Cal. Nov. 21, 2011).

It is uncontested that the state collection action arose from a consumer debt, and that TMLG qualifies as a debt collector under the FDCPA. Accordingly, with respect to stating a cognizable FDCPA claim against TMLG, only the third prong is at issue—whether TMLG engaged in a prohibited act under the FDCPA.

### i.    Applicable Statute of Limitations

TMLG moves to dismiss Plaintiff's FDCPA claim premised upon filling a time-barred collection action, arguing that, contrary to Plaintiff's allegation, the collection action was timely. <u>See</u> Doc. No. 5. Specifically, TMLG contends that, pursuant to governmental interest analysis, California law governs the applicable SOL period—not Delaware law—and, under California's four-year SOL, the collection suit was timely brought. <u>Id</u>.

In opposition, Plaintiff argues that Delaware's three-year SOL governs the period Barclays had to bring suit because the Cardholder Agreement issued to Plaintiff included an unambiguous choice of law provision selecting Delaware law. <u>See</u> Doc. No. 8 at 9, 24-29. Thus, Plaintiff concludes, FDCPA violations clearly occurred because, applying 10 Del. § 8106, Barclays, through its agent TMLG, commenced the state collection action more than three years after the cause of action accrued. <u>Id</u>. Alternatively, Plaintiff argues that even if the Court finds that California law applies, the collection action was still time-

1   barred because Barclays's Money Lent claim, plead as part of its Common Counts cause
2   of action, was not brought within two-years of claim accrual. Id. at 32-33.

3        In reply, TMLG maintains that its motion should be granted because Plaintiff "fail[s]
4   to refute the simple fact that the underlying collection complaint founded on California
5   common counts . . . was timely filed[,] as it was filed within four years of the date of last
6   payment." See Doc. No. 9 at 2. Furthermore, TMLG contends that "Rodrigo is incorrect in
7   her assertion that Barclay's [sic] Money Lent claim . . . is limited to a two year statute of
8   limitations under CCP Section 339." Id. at 7. Specifically, TMLG explains that it is
9   "unaware of any case holding that a claim for Money Lent supported by written monthly
10  statements, is not a Common Count subject to the four-year statute of limitations contained
11  in CCP Section 337. Id. at 7.

12       Construing all inferences in the light most favorable to Plaintiff, the Court finds that
13  the state law collection action brought against Rodrigo on April 8, 2015 was timely, and
14  therefore does not constitute a FDCPA violation. Indeed, federal courts have found
15  statutory debt collectors liable under the FDCPA for attempting to collect time-barred debts
16  via lawsuits. See e.g., McCollough v. Johnson, Rodenberg & Lauinger, 610 F.Supp.2d
17  1247, 1257 (D. Mont. 2009) (holding "a debt collector violates the FDCPA by using the
18  courts to attempt to collect a time-barred debt.") aff'd in relevant part sub nom.
19  McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939 (9th Cir. 2011);
20  Martinez v. Albuquerque Collection Servs., Inc., 867 F.Supp. 1495, 1506 (D. N.M. 1994);
21  Kimber v. Fed. Fin. Corp., 668 F.Supp. 1480, 1487 (M.D. Ala. 1987). However, the Court
22  agrees with TMLG that the state court collection action was timely, because the appropriate
23  SOL is determined by California's choice of law rules, and CCP Section 339.

24       "Under California's choice of law rules, California will apply its own rule of
25  decision unless a party invokes the law of a foreign state that 'will further the interest of
26  the foreign state[.]'" Paulsen v. CNF Inc., 559 F.3d 1061, 1080 (9th Cir. 2009) (citing
27  Hurtado v. Superior Court, 11 Cal.3d 574, 581 (1974)). In other words, California courts
28  employ a "governmental interest analysis" to assess whether California law or non-forum

law should apply. <u>Hurtado</u>, 11 Cal.3d at 579-80. "Where the conflict concerns a statute of limitations, the governmental interest approach generally leads California courts to apply California law." <u>Deutsch v. Turner Corp.</u>, 324 F.3d 692, 716 (9th Cir. 2003).

It is uncontested that Barclays initiated a suit based on Common Causes of action, in California state court, against a California resident. <u>See</u> Doc. No. 1, Exh. 1. Under these circumstances, the Court concludes that California's SOL applies, and that the state collection action was not time-barred. A review of the record indicates that TMLG filed the state collection action, on Barclay's behalf, on April 8, 2015. <u>See</u> Doc. No. 1 at 22. Although the record is unclear as to which day Barclays closed Plaintiff's delinquent credit card account, it is uncontested that the account was "closed and charged-off" sometime in "January 2012." <u>See</u> Doc. No. 1 at 4. Thus, the subject account was closed when the collection action commenced. Accordingly, "January 2012," the date the book account was closed, constitutes the last relevant entry and marks both the date that Barclays's claim accrued and the date upon which the SOL began to run. <u>R.N.C., Inc. v. Tsegeletos</u>, 231 Cal.App.3d 967 (1991). Viewed in the light most favorable to Plaintiff, the Court finds that the SOL began running on January 31, 2012, the last day in January, 2012.

The cause of action alleged in the Complaint is Common Counts on an open book account for money due, on an account stated in writing between the parties, for money lent by plaintiff (then, Barclays) to defendant (then, Rodrigo), at defendant's request. <u>See</u> Doc. No. 1-2 at 2-4. Thus, Plaintiff argues, even under California law, the collection action was time-barred when brought because Barclays's money lent claim, plead as part of its Common Counts cause of action, was not brought within two-years of claim accrual. <u>See</u> Doc. No. 8 at 32-33. However, this argument overlooks that Cal. C.C.P. § 339's two-year SOL is inapplicable here because the statute applies to oral contracts not founded upon an instrument of writing. In California, it is well settled that—

> [a] mere naked receipt in writing, acknowledging the delivery of money, is not a contract, and does not import a promise, obligation, or liability, and an action upon it is therefore barred by the Statute of Limitations in two years. But a receipt or

9

1
2
3
4
5

> acknowledgment in writing for money, which also contains a clause stating that the money received is to be applied to the account of the person from whom received, partakes of the double nature of a receipt and contract, and shows upon its face a liability to account, and an action upon it is not barred by the Statute of Limitations until four years have expired.

6  See Cal. C.C.P. § 339 California Code Commission Note 4 (Receipt for Money); accord
7  Ashley v. Vischer, 24 Cal. 332 (1864). It is undisputed that the Cardholder Agreement
8  Plaintiff received, and attached to her Complaint, includes an obligation to repay amounts
9  borrowed from Barclays. See Doc. No. 1, Exh. 2. Therefore, the Court finds Cal. C.C.P. §
10  337's four-year SOL, applicable to "action[s] upon any contract, obligation or liability
11  founded upon an instrument in writing[,]" governs the timeliness issue in this case.
12  Consequently, Barclays had until January 31, 2016 to timely file the collection action.
13  Because the action was filed before the SOL expired, the Court finds that the claims alleged
14  were timely brought, and that, as a matter of law, commencing the collection action did not
15  violate the FDCPA. Plaintiff's FDCPA claims founded upon this untimeliness theory are,
16  therefore, **DISMISSED WITH PREJUDICE**.

17               **ii.      Fraudulent Service of Process**

18       Defendant TMLG contends that Plaintiff's Complaint fails to state a FDCPA claim
19  based on procurement of service by fraud because (1) the record reflects that proof of
20  service was reliably obtained, relied upon, and filed with the Superior Court in good faith;
21  and, (2) Plaintiff's Complaint fails to allege plausible facts to the contrary. See Doc. No.
22  5-1 at 12-15. In support, TMLG advances, *inter alia*, four reasons why Plaintiff's
23  fraudulent service argument fails, as to it.

24       First, TMLG argues that "there has been no judicial determination in the State Court
25  Action that the proof of service of the summons and complaint in the State Court Action
26  was false, [or] that TMLG filed a false proof of service [] in support of its request for entry
27  of default and in allegedly attempting to obtain a default judgment based on proof of
28  service." Id. at 12-13.

TMLG continues, arguing second, that Rodrigo's evidence in support of her first and second motions to vacate entry of default merely show that Rodrigo received mail at more than one address on the date the complaint and summons were served; not that Rodrigo must have been physically absent from the Oceanside address at the time. Id. at 13.

Third, TMLG argues that the physical description provided by its registered agent for service of process is similar to Plaintiff's actual description.[4] Id.

Fourth, TMLG argues that its agent for service of process included a signed declaration attesting to the truth of all information included in the proof of service, including his good faith belief that the individual served was Diane Rodrigo. Id. at 13-14 (quoting S.E.C. v. Internet Solutions for Business Inc., 509 F.3d 1161, 1163 (holding that "a signed return of service constitutes *prima facie* evidence of valid service which can be overcome only by strong and convincing evidence.") (citations omitted)).

In opposition, Plaintiff maintains that its FDCPA claim, against TMLG, is properly pled. See Doc. No. 8 at 13-14. In support, Plaintiff restates that "[a]t a minimum," her Complaint sufficiently alleges the following FDCPA violations, as to TMLG:

> 15 U.S.C. § 1692d (engaging in behavior, the natural consequences of which was to harass, abuse or oppress) . . . by engaging in protracted litigation for nearly 9 months to collect a time barred credit card debt, beginning with false claims of proof of service, requesting a default based thereon, refusing to vacate it, opposing motions to vacate it, insisting on going to trial causing her defense and only dismissing the day before the scheduled trial date . . . [;]
>
> 15 U.S.C. §[§] 1692e (false, deceptive, or misleading statements). . . 1692e(2)(A) (false representation of the character amount or legal status of a debt) . . . [and] 1692e(10) (using false

---

[4] The proof of service description describes the individual served as female, standing 5 feet 7 inches tall, weighing 135 pounds, and appearing of Filipino heritage. Doc. No. 5-1 at 13. Plaintiff, on the other hand, describes herself as 5 feet 3 inches tall, weighing 150 pounds, with mixed heritage—Spanish, French, Greek, and Mexican. Id.

11

representation to collect or attempt to collect a debt) . . . by filing a complaint on time barred debt, which is a false representation that the debt is enforceable in court, by filing a false proof of service, claiming personal service occurred that never occurred, by requesting a default based thereon, which is a false representation that Barclays Bank was entitled to take a default. . . [;]

15 U.S.C. § 1692f (using unfair or unconscionable means to collect a debt) . . . by prosecuting a suit for time barred debt, initially based on false proof of service, and after being apprised of the claim was time barred refusing to dismiss until the day before the scheduled trial. . . [; and]

15 U.S.C. § 1692f(1) (attempting to collect an amount not permitted by law) . . . by attempting to collect time barred debt.

Id. at 12-13. In reply, TMLG maintains that "Rodrigo has not and cannot plead in good faith that at the time that the Proof of Service was filed with the Superior Court or even when the Request for Entry of Default was filed with the Superior Court, TMLG had knowledge that there was any question regarding the validity of service of process." See Doc. No. 9 at 8-9.

The Court finds that the Complaint fails to allege plausible facts permitting an inference of bad faith. In other words, the Complaint fails to allege that TMLG procured proof of service in bad faith (so-called "false proof of service"), then, "knowing[ly], willful[ly], and[/or] intentional[ly]" filed such false proof of service, in violation of the FDCPA. See Doc. No. 1 at 2. "[T]he tenet [that] a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft, 556 U.S. at 678. Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Id. at 679.

Here, Plaintiff repeatedly concludes that TMLG "fil[ed] a false proof of service of summons in support of the [state court collection] action and attempt[ed] to obtain a default judgment based on that false proof[,]" and, after "being presented with evidence showing

12

that the proof of service was false[,]" Defendants persisted with their "attempts to obtain a default judgment by resisting Plaintiff's motion to vacate the default that was entered." See Doc. No. 1 at ¶¶ 2, 40-43, 48, 67. These conclusions are supported by documents attached to the Complaint, which the Court also considered. Lee, 250 F.3d at 688-89. Therein, Plaintiff provides additional context; including (1) that Plaintiff resided at a different address at the time of service, [doc. no. 1-2 at 24]; (2) that Plaintiff recalls being in Solana Beach up to, and around, the time of service, [id]; (3) that after Plaintiff moved out of the Oceanside property, TMLG sent at least two letters there, addressed to Plaintiff, noticing Barclays's intent to sue, [id at 38-39]; (4) that Plaintiff first learned about the collection suit from an attorney solicitation received on May 18, 2015, [id at 26]; (5) that Plaintiff's attorney assisted Plaintiff in obtaining a copy of the proof of service indicating that someone accepted service on her behalf, [id]; and (6) that, on July 10, 2015, Plaintiff's counsel sent a letter to Barclays's counsel, Eleecia Barksdale, recounting a July 8, 2015 phone call where Barksdale declined to stipulate to vacating entry of judgment "after reviewing the file[,]" [id. at 32]. Taken together, the Court finds that Plaintiff's bad faith allegations are but legal conclusions cast in the form of factual allegations that the Court need not accept as true, and are otherwise insufficient to state a claim. Ileto, 349 F.3d at 1200; Ashcroft, 556 U.S. at 678. The Court is mindful that accidents, inadvertent failures, or even gross negligence does not suffice to demonstrate deliberate indifference or bad faith. Thus, even if the Court found that TMLG, through its registered process server, failed to serve the correct individual, although an error that may evidence negligence, as a matter of law, that finding, on this record, would not support the inference that TMLG acted purposefully to procure proof of service in bad faith, and file an allegedly false proof of service in violation of the FDCPA. Accordingly, Plaintiff's FDCPA claim founded upon service procured, and proof thereof filed, in bad faith, is **DISMISSED WITHOUT PREJUDICE**.

//

//

13

**B.     The Rosenthal Act and California's Litigation Privilege**

Plaintiff brings supplemental state claims under California's Rosenthal Act against both Defendants, pleading identical allegations as those supporting her FDCPA claims. <u>See generally</u> Doc. No. 1. Thus, both Defendants move to dismiss Plaintiff's supplemental claims, contending, *inter alia*, that the Complaint does not, and cannot, allege violations under the Rosenthal Act. <u>See</u> Doc. Nos. 5, 7. The Court agrees.

"The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." <u>Riggs v. Prober & Raphael</u>, 681 F.3d 1097, 1100 (9th Cir. 2012) (citing Cal. Civ. Code § 1788.17); <u>see</u> <u>also</u> <u>Robinson v. Managed Accounts Receivables Corp.</u>, 654 F.Supp.2d 1051, 1060 (C.D. Cal. 2009) ("[A]ny conduct by a debt collector which violates the federal FDCPA necessarily violates the California FDCPA [otherwise known as the Rosenthal Act] as well.").

In light of this Court's prior findings—that (1) the state court collection action was timely brought; and (2) the Complaint fails to allege that TMLG procured proof of service in bad faith, then, knowingly, willfully, and/or intentionally filed such false proof of service, in violation of the FDCPA—the Court also finds that Plaintiff's Rosenthal Act claims fail for the same reasons.

## CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.     Defendants' respective motions to dismiss the Complaint for failure to state cognizable claims upon which relief may be granted, [doc. nos. 5, 7], are **GRANTED**, as follows:

   a.     Plaintiff's claims founded upon the theory that the state collection action was untimely, and therefore brought in violation of the FDCPA and California's Rosenthal Act, are **DISMISSED WITH PREJUDICE**, as to both Defendants.

//
//

14

1

   b.   Plaintiff's claims alleging violation of the Rosenthal Act for the procurement, and subsequent filing, of "false" proof of service is **DISMISSED WITHOUT PREJUDICE**, as to both Defendants.

**IT IS SO ORDERED**.

DATED:  March 27, 2017

_____
JOHN A. HOUSTON
United States District Judge

15